IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CHRISTOPHER LEE WALTON,

                                                  OPINION AND ORDER

               Petitioner,

                                                  19-cv-45-bbc

     v.

BRIAN FOSTER,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner David Walton, who is incarcerated at the Waupun Correctional Institution, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his January 29, 2016 judgment of conviction in the Circuit Court for Monroe County, Wisconsin in Case No. 2015CF254 for armed robbery and felony and misdemeanor theft as a party to a crime and repeater. His petition is before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). Also before the court are petitioner's motion for assistance in the recruitment of counsel, dkt. #3; motion to stay the petition pending petitioner's filing of additional post-conviction motions raising ineffectiveness of appellate counsel and other issues not raised by his

1

post-conviction counsel in his original post-conviction motion, dkt. #4; motion for the release of the trial court transcripts, dkt. #5; motion for a certificate of appealability, dkt. #7; motion to vacate the sentence and judgments entered by the state courts, dkt. #8; motion to release petitioner pursuant to the All Writs Act, 28 U.S.C. § 1651, dkt. #9; and motion for petitioner to be released on an appeal bond, dkt. #10.

After reviewing the petition and accompanying motions, I conclude that petitioner has presented a "mixed petition," meaning that some of his claims are ready to proceed and others are not yet exhausted. As petitioner recognizes, he has not yet exhausted his ineffective assistance of post-conviction counsel claims in the state courts. Because a mixed petition requires petitioner to choose how he would like to proceed, I will give petitioner an opportunity to inform the court of his choice. Petitioner's motions will be denied for the reasons explained below.

OPINION

Petitioner raises the following grounds in his petition and brief in support of his petition:

1. Petitioner's trial counsel was ineffective for the following reasons: (a) failing to request a <u>Miranda</u>-<u>Goodchild</u> evidentiary hearing to determine whether petitioner's statement to Detective Tester on June 12, 2015 was voluntary; (b) failing to impeach Courtney Stalsberg, who was petitioner's co-defendant and a key witness in the prosecution's case, with prior convictions, pending cases and inconsistent statements; (c)

failing to impeach witnesses Orlando Thomas and Travis Stewart with prior convictions and pending cases; and (d) failing to object to the testimony of Ty Brey, petitioner's extended supervision agent.

2. The state courts failed to grant petitioner a new trial in the interests of justice based on his trial counsel's errors and "newly discovered" evidence that Stalsberg admitted in text and email messages that she lied in her testimony about petitioner's involvement in the crimes.

With the assistance of counsel, Steven Zaleski, petitioner raised all of these claims in a post-conviction motion for a new trial in the state circuit court, which denied the motion on February 24, 2017. On April 27, 2017, the Wisconsin Court of Appeals affirmed petitioner's conviction and the order denying his post-conviction motion. The Wisconsin Supreme Court denied his petition for review on May 8, 2018. Petitioner filed his petition for habeas relief in this court on January 17, 2019.

Petitioner also has filed a motion to stay his petition while he pursues a claim in state court that his post-conviction counsel (Zaleski) failed to raise the following issues on appeal or in his original post-conviction motion: (1) trial counsel's failure to raise a challenge under Batson v. Kentucky, 476 U.S. 79 (1986), regarding the prosecution's exclusion of a potential juror based on race; (2) the prosecution violated petitioner's Fifth Amendment right to remain silent by questioning petitioner's parole agent about petitioner's prior crimes and convictions; and (3) the prosecutor improperly withheld evidence of Stalsberg's "state of mind" at the time she testified against petitioner.

3

Although the second two claims seem to be the same or substantially similar to claims that Zaleski raised on petitioner's behalf in the post-conviction motion, the Batson challenge presents a new ground for relief that petitioner has not yet exhausted in the state courts.

Recognizing that he cannot proceed on both exhausted and unexhausted claims in the same petition, Rose v. Lundy, 455 U.S. 509, 510 (1982), petitioner asks for a stay of his petition to allow him to exhaust his ineffective assistance of post-conviction counsel claims in state court. According to the United States Supreme Court, federal courts may stay a mixed petition in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims, such as when the petitioner files his application "close to the end of the 1-year" statute of limitations. Rhines v. Weber, 544 U.S. 269, 275 (2005). In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).

In this case, petitioner's one-year limitations period would have begun to run on August 6, 2018, or 90 days after May 8, 2018, the day the Wisconsin Supreme Court

denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). Because petitioner's one-year statute of limitations period expires on August 6, 2019, he has approximately five months remaining on his federal clock in which to exhaust his state court remedies, if he chooses to do so, without jeopardizing the timeliness of any future federal habeas petition. Therefore, petitioner's motion for a stay will be denied.

Rather, I will give petitioner the opportunity to decide whether he prefers to: (1) abandon his unexhausted ineffective assistance of post-conviction counsel claims and proceed solely on the claims that have been exhausted; or (2) pursue his unexhausted claims in state court and have this court dismiss his petition without prejudice for his failure to exhaust his state court remedies.

I offer some additional comments for petitioner's benefit. First, in deciding which course of action to pursue, petitioner should consider that if he decides to give up his unexhausted claims and present only the ones he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a later federal habeas petition. Lundy, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions.") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

Second, it is not clear that petitioner's ineffective assistance of post-conviction counsel claims will get him very far. In determining whether an attorney's performance fell below an objective standard of reasonableness, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011). As discussed above, it seems that Zaleski did raise at least some version of two of the three claims that petitioner wanted him to pursue. Although Zaleski may not have raised the Batson issue in the post-conviction motion, an attorney "is not required to raise every non-frivolous issue on appeal." Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996). "An appellate counsel's performance is deficient [only] if he . . . fails to argue an issue that is both obvious and clearly stronger than the issues raised." Martin v. Evans, 384 F.3d 848, 851 (7th Cir. 2004) (citations omitted).

Third, the Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. Wis. Stat. § 974.06; State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of post-conviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). In this case, it appears that petitioner is challenging the effectiveness of his post-conviction counsel, meaning that Rothering would apply, but

petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

Finally, petitioner has filed several other motions that I will deny as inappropriate, unnecessary or premature. Petitioner's motions to vacate the sentence and judgments entered by the state courts, to release petitioner on an appeal bond and to release petitioner pursuant to the All Writs Act, 28 U.S.C. § 1651, are inappropriate means of obtaining the same relief he is seeking in his habeas petition. Petitioner's motions for assistance in the recruitment of counsel and for a certificate of appealability are premature and will be denied without prejudice to his renewing them at a later time, if his petition proceeds in this court. Petitioner's motion for the release of the trial court transcripts will be denied as unnecessary. If the state is required to respond to the petition, it will provide any necessary transcripts.

ORDER

IT IS ORDERED that

1. Petitioner David Christopher Lee Walton's motion to stay proceedings with respect to his habeas petition, dkt. #4; motion for assistance in the recruitment of counsel, dkt. #3; motion for the release of the trial court transcripts, dkt. #5; motion for a certificate of appealability, dkt. #7; motion to vacate the sentence and judgments entered by the state courts, dkt. #8; motion to release petitioner pursuant to the All

Writs Act, 28 U.S.C. § 1651, dkt. #9; and motion for petitioner to be released on an appeal bond, dkt. #10, are DENIED.

2. Petitioner has until March 29, 2019, within which to advise the court whether he wishes to pursue his unexhausted claims in state court or whether he prefers to abandon his unexhausted claims and proceed solely on the exhausted claims in this court. If petitioner chooses to pursue his unexhausted claims in state court, or if he does not report his choice by the deadline, his petition will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to Rose v. Lundy. If petitioner chooses to proceed with his exhausted claims, I will consider those claims on the merits after the state has had an opportunity to answer the petition.

Entered this 18th day of March, 2019.

BY THE COURT:

__/s/_____
BARBARA B. CRABB
District Judge